# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RUSSOMAR VILLEGAS-ROJAS**
**United States Army, Appellant**

ARMY 20111132

Headquarters, United States Army Alaska
David L. Conn, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

9 October 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of aggravated sexual assault, abusive sexual contact, and wrongful sexual contact, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. IV 2011) [hereinafter UCMJ].[*]  The panel sentenced appellant to a bad-conduct discharge, confinement for

---

[*] After findings, the military judge stated that he would "merge" wrongful sexual contact (Specification 3 of the Charge)) with aggravated sexual assault and abusive sexual contact (Specifications 1 and 2 of the Charge, respectively) because wrongful sexual contact "traditionally amounted to a lesser included offense of" the greater offenses.  The military judge's use of the term "merge" is potentially ambiguous. He did not definitively consolidate the specifications, nor did he dismiss

(continued . . .)

twelve months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  In his sole assignment of error, appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case.  We agree that relief is appropriate in this case and grant thirty days confinement credit.  The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not warrant relief.

The convening authority took action 471 days after the sentence was adjudged.  The record in this case consists of seven volumes and the trial transcript is 581 pages.  Although appellant does not allege that the post-trial delay caused prejudice, and although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing.  UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).  It took 233 days to initially transcribe the record in this case.  In attempting to authenticate the record of trial the military judge discovered that the record was incomplete, and it took an additional 19 days to  complete transcription of the record of trial.  It took 343 days from trial until the record was authenticated.

The government provided an explanation that the incomplete transcription was due to a malfunction in recording equipment.  Despite this explanation, and the government's timeline, which is critical of the time it took defense counsel to submit post-trial matters, relief in this case is appropriate as the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617.  We find that relief is appropriate under the facts of this case, and provide relief in our decretal paragraph.

---

(. . . continued)

Specification 3 as multiplicious.  *See United States v. Mayberry*, 72 M.J. 467 (C.A.A.F. 2013) (summ. disp.).  To clarify any ambiguity, we dismiss Specification 3 in our decretal paragraph.  In any event, the military judge treated all offenses as "a unitary offense for purposes of sentencing."  Accordingly, appellant was not prejudiced with regard to his sentence.

VILLEGAS-ROJAS—ARMY 20111132

## CONCLUSION

Upon consideration of the entire record, including the matters submitted pursuant to *Grostefon,* the findings of guilty to Specification 3 of the Charge is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. We are able to reassess the sentence on the basis of the amended findings, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape or the gravamen of appellant's criminal conduct. We are convinced that the panel would have adjudged the same sentence had they only convicted appellant of aggravated sexual assault and abusive sexual contact. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3